[No. C031025. Third Dist. Feb. 1, 1999.]

KAREN S. et al., Petitioners, v.
THE SUPERIOR COURT OF EL DORADO COUNTY, Respondent;
EL DORADO COUNTY DEPARTMENT OF SOCIAL SERVICES et al.,
Real Parties in Interest.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I through III.

**COUNSEL**

Steven C. Bailey for Petitioner Karen S.

Valla S. Hoffman for Petitioner Larry S.

No appearance for Respondent.

Roger B. Coffman; and Cherie Vallelunga for Real Party in Interest Department of Social Service.

Abigail Roseman for Real Party in Interest Barbara H.

Jay Dyer for Minor.

## Opinion

**SCOTLAND, P. J.**—Karen S. and Larry T., parents of David T. (the minor), seek a writ of mandate (Cal. Rules of Court, rule 39.1B) directing the juvenile court to vacate its orders denying them reunification services and setting a permanency planning hearing (Welf. & Inst. Code, § 366.26; further section references are to this code).[1] Larry also requests a stay of proceedings in the respondent court.

In the published part of this opinion, we reject Larry's claim that the juvenile court erred in denying him reunification services pursuant to section 361.5, subdivision (b)(12) on the ground that he "resisted prior treatment" for his chronic use of drugs and alcohol. As we shall explain, when, like Larry, a parent participates in a substance abuse treatment program but continues to abuse illicit drugs or alcohol, the parent has "resisted" treatment within the meaning of section 361.5, subdivision (b)(12).

In the unpublished portions of this opinion, we reject petitioners' remaining contentions. Accordingly, we shall deny the petition, rendering moot the request for a stay.

### Facts and Procedural Background

The department of social services (DSS) removed the minor from petitioners' custody when the minor was less than a month old. Earlier in the year, Karen's untreated mental health problems and abuse of alcohol had resulted in the removal and permanent placement of her other five children. Larry had a history of polysubstance abuse and was on methadone. Petitioners stipulated to the minor's detention.

At the conclusion of a contested jurisdiction hearing, the juvenile court found: (1) the minor suffered, or was at substantial risk of suffering, serious physical harm or illness as a result of petitioners' failure and inability to supervise or protect the minor adequately, and as a result of petitioners' inability to provide regular care for the minor due to Karen's mental illness and petitioners' substance abuse (§ 300, subd. (b)); and (2) the minor's siblings had been abused and neglected and there was a substantial risk the minor would be neglected as a result of petitioners' substance abuse and mental health problems (§ 300, subd. (j))..

The court then found clear and convincing evidence of a substantial risk to the minor if he were returned to petitioners, and denied reunification services

---

[1] For simplicity and to avoid confusion, we shall refer to Karen S. and Larry T. by their first names or collectively as "petitioners."

for both parents, citing section 361.5, subdivision (b)(10) as to Karen and subdivision (b)(12) as to Larry.

DISCUSSION

I-III*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

IV

 Larry contends the juvenile court abused its discretion in denying him services pursuant to section 361.5, subdivision (b)(12), which states that reunification services need not be provided to a parent when the court finds by clear and convincing evidence that the parent "has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior treatment for this problem during a three-year period immediately prior to the filing of the petition that brought that child to the court's attention, or has failed or refused to comply with a program of drug or alcohol treatment described in the case plan . . . on at least two prior occasions, even though the programs identified were available and accessible."

Larry admits that he has a history of chronic abuse of heroin, marijuana and alcohol, but points out that he voluntarily participated in substance abuse treatment programs both before and after the dependency petition was filed. Hence, he argues, the evidence does not show that he "resisted prior treatment" for his chronic substance abuse.

It is true Larry voluntarily sought out treatment programs, but the evidence also establishes that he never had a significant period free of substance abuse despite the programs. Even when he was in methadone maintenance and not drinking because he was taking Antabuse, he still smoked marijuana. He admitted using heroin within the year before the dependency petition was filed, and acknowledged misusing his pain medications. While the petition was pending, he fell and broke his ribs while intoxicated and, in a separate incident, engaged in domestic violence with Karen when both were intoxicated.

For reasons which follow, we conclude that Larry "resisted prior treatment" within the meaning of section 361.5, subdivision (b)(12) by failing to benefit from treatment for his chronic use of illicit drugs and alcohol.

 In construing a statute, a court must ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*People* v. *Coronado*

---

*See footnote, *ante*, page 1006.

(1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) To determine legislative intent, we examine the words of the statute (*ibid.*), applying "their usual, ordinary, and common sense meaning based on the language the Legislature used and the evident purpose for which the statute was adopted." (*In re Rojas* (1979) 23 Cal.3d 152, 155 [151 Cal.Rptr. 649, 588 P.2d 789].) We " 'must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' [Citation.]" (*People* v. *Coronado, supra,* at p. 151.)

■ In enacting section 361.5, subdivision (b), the Legislature determined that, in certain situations, "attempts to facilitate reunification do not serve and protect the child's interest." (*In re Baby Boy H.* (1998) 63 Cal.App.4th 470, 474 [73 Cal.Rptr.2d 793].) Situations listed in that subdivision constitute circumstances in which the Legislature has recognized that "it may be fruitless to provide reunification services . . . ." (*In re Rebecca H.* (1991) 227 Cal.App.3d 825, 837 [278 Cal.Rptr. 185].) ■ With this legislative determination in mind, we consider the utilization in subdivision (b)(12) of the phrase "resisted prior treatment" for chronic use of drugs or alcohol.

The common definition of "resist" is either "to withstand the force or effect of" or "to exert oneself to counteract or defeat." (Webster's New Internat. Dict. (3d ed. 1981) p. 1932.) The definition encompasses both active and passive behavior. Thus, a parent can actively resist treatment for drug or alcohol abuse by refusing to attend a program or by declining to participate once there. The parent also can passively resist by participating in treatment but nonetheless continuing to abuse drugs or alcohol, thus demonstrating an inability to use the skills and behaviors taught in the program to maintain a sober life. In either case, a parent has demonstrated a resistance to eliminating the chronic use of drugs or alcohol which led to the need for juvenile court intervention to protect the parent's child. In other words, the parent has demonstrated that reunification services would be a fruitless attempt to protect the child because the parent's past failure to benefit from treatment indicates that future treatment also would fail to change the parent's destructive behavior.

It is the latter, passive sense of the word "resisted" that is applicable here. Larry participated in various treatment programs within three years before the petition was filed, but continued to abuse drugs and alcohol. Even after the minor was detained and Larry remained involved in a methadone maintenance program, he continued to abuse alcohol although knowing he should not drink while taking methadone. Dr. Miller, the psychologist, testified that

Larry was resistant to treatment in this sense, i.e., treatment was not effective in preventing relapse.

Larry argues the statute cannot apply to him because, according to Dr. Miller, Larry is not "psychologically resistant" to treatment and could possibly benefit from it. However, the statute does not indicate that "resisted" is to be understood in any way other than its common ordinary meaning, and Dr. Miller made it clear that the best indication of whether Larry could benefit from treatment was his past efforts. Larry's past efforts had been unsuccessful. If the Legislature intended the specialized meaning relied upon by Larry, it would have said so.

Larry also contends that application of the provision to him constitutes a denial of due process because he has not had an opportunity to benefit from reunification services before, and the denial of services negatively affects his fundamental right to parent his child. He is wrong.

Several of the circumstances in which reunification services may be denied anticipate that a parent has not abused the particular child in question and has never had reunification services. (§ 361.5, subds. (b)(1) [parent's whereabouts unknown], (b)(2) [parent suffering from mental disability], (b)(4) [parent caused the death of another minor], (b)(6) [severe sexual abuse of sibling], (b)(8) [minor conceived by child molestation], (b)(11) [parent convicted of a violent felony].) The statute contemplates that, in such situations, the parent may nonetheless show that providing services is in the best interests of the child. (§ 361.5, subd. (c).) The statute has not been applied unfairly to Larry. The juvenile court properly found the circumstances of section 361.5, subdivision (b)(12) pertained to Larry, and the best interests of the child would not be served by providing reunification services.

### DISPOSITION

The petitions for writ of mandate are denied. The request for a stay is dismissed as moot.

Sims, J., and Morrison, J., concurred.