[No. G026653. Fourth Dist., Div. Three. Aug. 14, 2000.]

In re BRIAN M., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
RENEE R., Defendant and Appellant.

**COUNSEL**

Kimberly A. Knill, under appointment by the Court of Appeal, for Defendant and Appellant.

Laurence M. Watson, County Counsel, and Robert G. Overby, Deputy County Counsel, for Plaintiff and Respondent.

John L. Dodd, under appointment by the Court of Appeal, for Minor.

## OPINION

**BEDSWORTH, J.**—Renee R. appeals from a dispositional order that denied her reunification services because of a long history of drug abuse and resistance to prior treatment.[1] She argues that the juvenile court misread the specific requirements of the statute that authorizes the denial of services for drug-related reasons, which, properly construed, does not apply to her. Minor's counsel supports Renee's position. They are mistaken, and we affirm.

In November 1999, a social worker discovered that Renee had left her one-year-old son, Brian M., in the care of two men drinking beer. The social worker returned later in the day accompanied by a police officer, who arrested Renee on an outstanding drug-related warrant from Nevada County. One of the male caretakers was also arrested for the same reason—an outstanding drug warrant.

Orange County Social Services Agency (SSA) took Brian into protective custody, and filed a petition that alleged Renee failed to adequately protect the child, failed to provide him with adequate medical treatment, and was unable to care for him because of her substance abuse. (Welf. & Inst. Code, § 300, subd. (b).)[2] The petition also alleged that Renee and Brian's father (who did not reside with Renee) had a history of domestic violence, and Renee had failed to obtain all of the needed childhood immunizations for her son.

The jurisdictional/dispositional hearing was held in January 2000. Renee did not present any evidence. SSA recommended that the juvenile court not offer Renee reunification services, citing a history of drug abuse and *failure to complete any rehabilitation program.* The evidence supported the allegation of a history of drug abuse, and it showed Renee enrolled in drug rehabilitation but failed to attend.

Renee told a social worker that she had been using drugs for 15 years. She lost custody of her first child in 1990 while living in Nevada County. The only evidence of what transpired in that case came from SSA's dispositional hearing report and the testimony of a social worker who read the Nevada County files, which were not offered in evidence. Renee was using "crank" (methamphetamine) heavily, but the social worker testified the juvenile court did not order her into any drug treatment program.

---

[1]Although Renee was denied reunification services, they were ordered for Brian's father, so his case is on the family reunification track.

[2]All further references are to the Welfare and Institutions Code.

In 1992, Renee lost custody of her second child, who tested positive for cocaine and marijuana at birth. The social worker testified Renee was not ordered to complete a rehabilitation program. In 1997, Renee was arrested on drug charges (use and being under the influence of a controlled substance, and sale of a hypodermic needle). She took advantage of what an SSA report describes as a "drug court deferred judgment" program.[3]

Renee failed to comply with the requirements of the deferred judgment program, and it was terminated in 1999. She was sentenced to three months in jail and three years' conditional probation. One condition of the probation, which Renee agreed to, was that she complete a 90-day rehabilitation program. She never attended the program, and a warrant was issued. (This was the warrant that later led to her November 1999 arrest.)

Renee was arrested again on drug charges in October 1999 (possession of a controlled substance and hypodermic needle). She subsequently admitted to a social worker that she had been using methamphetamine daily for the past three years.

The trial judge sustained the petition, declared Brian a dependent child and removed him from parental custody. While Brian's father was offered reunification services, Renee was not. The judge found "[Renee] has an extensive abusive and chronic use of drugs and has resisted prior treatment as evidenced by her failure to complete drug diversion as previously ordered by the court . . . ." ▮ While it is unclear whether the judge's reference to drug diversion refers to the "drug court deferred judgment program," we conclude the violation of the order that Renee attend a rehabilitation program, based on her specific agreement to do so as a condition of probation, justified the refusal to offer rehabilitation services.

▮ We review under the substantial evidence test, which requires us to determine whether there is reasonable, credible evidence of solid value such that a reasonable trier of fact could make the findings challenged (*In re Angelia P.* (1981) 28 Cal.3d 908, 924 [171 Cal.Rptr. 637, 623 P.2d 198]), since Renee contends that SSA failed to offer any evidence that would bring her under the statute.[4]

▮ The juvenile court may deny reunification services to a parent if it finds a history of extensive, abusive and chronic drug or alcohol use and

---

[3]"Drug court deferred judgment" is apparently a term of art applied to fairly standardized drug court referral programs. We need not inquire further into the nature of such programs (although it seems self-evident they would involve drug treatment), since, as will be seen, our holding is not based on Renee's performance vel non under this program.

[4]The abuse of discretion standard of review advocated by SSA is inapplicable, since no abuse of discretion is alleged. The question before us is whether there was substantial

finds the parent has "resisted prior treatment" during a three-year period immediately prior to the filing of the dependency petition, or the parent has failed or refused to comply with a drug or alcohol treatment program "described in the case plan required by Section 358.1" on at least two prior occasions. (§ 361.5, subd. (b)(12).)

In *Randi R. v. Superior Court* (1998) 64 Cal.App.4th 67 [74 Cal.Rptr.2d 770], we rejected a narrow definition of "resist" that would have limited it to opposing treatment by direct action or force, and held services were properly denied to a mother who completed several rehabilitation programs but returned to substance abuse. (*Id.* at p. 73.)

The issue of resistance to prior treatment next arose in *Laura B. v. Superior Court* (1998) 68 Cal.App.4th 776 [80 Cal.Rptr.2d 472]. Laura had completed two 30-day residential rehabilitation programs, and a longer program when she reunified with her son, but she later dropped out of several other programs and began using drugs. After she gave birth to another child who tested positive for drugs, the juvenile court declined to offer reunification services based on her history of failed rehabilitation. Laura challenged the order on the ground that SSA failed to establish that she was offered rehabilitation during the three years prior to the filing of the petition. We rejected this interpretation of the statute, and held the juvenile court could deny services upon a showing of prior treatment plus a relapse during the three-year period.

We explained that under the resistance to treatment prong of section 361.5, subdivision (b)(12), SSA must show the parent underwent or enrolled in substance abuse rehabilitation, and during the three-year period before the petition was filed, engaged in conduct that demonstrated resistance to rehabilitation. Proof may come in the form of dropping out of programs, or in the form of resumption of regular drug use after a period of sobriety.[5] (*Laura B., supra,* 68 Cal.App.4th at p. 780.)

The order that Renee enter a rehabilitation program as a condition of probation must be regarded as the functional equivalent of enrollment in a drug program. Renee did not have to accept probation on the terms offered, but she did, and her agreement became the basis of a court order. We can see no difference between this and the situation where a parent shows up for a

evidence to support the findings, not whether the judge made the wrong call on the evidence before him.

[5]The failure to comply prong of section 361.5, subdivision (b)(12) differs from the resistance to treatment prong in that it requires proof that the offered programs were components of a prior reunification plan that was ordered by the juvenile court in formal dependency proceedings. (*Laura B. v. Superior Court, supra,* 68 Cal.App.4th at p. 779, fn. 3.)

program, signs the necessary papers, and then never attends or participates. In both situations, the individual has agreed to attend a program and then failed to do so, which is precisely the kind of conduct we described as resistance to prior treatment in *Laura B.* Such facts are sufficient to bring the statute into play, and vest the juvenile court with discretion to deny reunification services.

Since there is some suggestion the juvenile court denied reunification services because Renee had a long-standing drug habit and never *sought* treatment, a further comment is in order. ■ We are unable to find anything in the legislative scheme which indicates an intention to equate never having enrolled in a drug treatment program with having "resisted prior treatment." If the Legislature thought that anyone who had a long-term drug habit had, by definition, "resisted prior treatment," it could have just provided that reunification services could be denied to anyone with "a history of extensive, abusive and chronic drug or alcohol use." It didn't. It required that it *also* be shown that the person has "resisted prior treatment." The additional phrase must mean something. We think it means the individual must be shown to have started a program or refused one *at some point.*[6]

Renee received prior treatment for her drug abuse, and resisted rehabilitation during the three-year period prior to the filing of the dependency petition, so the decision to deny her reunification services was supported by substantial evidence.

The order appealed from is affirmed.

Crosby, Acting P. J., and O'Leary, J., concurred.

---

[6]We are aware that *In re Levi U.* (2000) 78 Cal.App.4th 191, 200-201 [92 Cal.Rptr.2d 648], might be read to suggest that mere failure to seek treatment can be equated with resistance, but it is not entirely clear what the facts were in that case. At one point the court quotes a social services report to the effect mother had twice failed or refused to comply with drug programs (*id.* at p. 194) and at another states the mother had "never participated in drug treatment." (*Id.* at p. 200.) We could not agree that the mere failure to seek treatment—without more—constitutes *resistance* to treatment as contemplated by the statute.