[No. C038357. Third Dist. Aug. 10, 2001.]

KAREN H., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES et al., Real Parties in Interest.

**COUNSEL**

Michelle M. Espy for Petitioner.

No appearance for Respondent.

Robert A. Ryan, Jr., County Counsel, Melvyn W. Price and John F. Whisenhunt, Assistant County Counsel, and Laloni A. Montgomery, Deputy County Counsel, for Real Parties in Interest.

**OPINION**

**SIMS, Acting P. J.**—Petitioner Karen H., mother of the minor Kairra, seeks an extraordinary writ (Cal. Rules of Court, rule 39.1B) to vacate the orders of the juvenile court made at the dispositional hearing denying her reunification services and setting a Welfare and Institutions Code section 366.26 hearing (further undesignated section references are to this code). Petitioner also requests a stay of proceedings in the respondent court. We shall deny the petition, rendering the request for stay moot.

Two-year-old Kairra and her eight-year-old sister were removed from petitioner's custody in November 2000, due to petitioner's ongoing substance abuse problems and recent positive drug tests during a period of family maintenance services.

According to petitioner's history of contacts with the Sacramento County Department of Health and Human Services (DHHS), petitioner had received,

or been offered, services from as early as 1994 through 1998 due to allegations of physical abuse of the children then in her custody. By March 1998, the referrals indicated petitioner admitted substance abuse. Petitioner was in a program of methadone maintenance when Kairra was born prematurely in October 1998. In March 1999 petitioner tested positive for methamphetamine, cocaine and heroin while she was participating in methadone maintenance treatment at Bi-Valley Medical Clinic (Bi-Valley). DHHS had an open family maintenance case on petitioner at the time. Subsequent referrals in 2000 indicated petitioner was continuing to use various drugs and coming to Bi-Valley under the influence. A report in August 2000, stated petitioner had tested positive for drugs since May 2000. DHHS continued to offer services within the family maintenance program. Finally, after two positive tests in October 2000, petitioner's treating physician reported his concerns about the mother's ability to parent the minors while using drugs. At this point the minors were removed.

The jurisdiction report, dated December 4, 2000, stated petitioner had a 10-year history of substance abuse and had submitted a positive drug test after the minors were removed. However, since petitioner had stayed clean for a period of five months during the family maintenance program, DHHS recommended reunification services be provided to her.

At the court's request, DHHS assessed the question of denial of services pursuant to section 361.5, subdivision (b)(12) due to petitioner's history of substance abuse and apparent resistance to treatment. An addendum to the prior report reiterated petitioner's substance abuse history and reported she had minimal substance abuse treatment until 1998 when she began the program at Bi-Valley and started methadone maintenance. Petitioner represented she had 18 months of recovery and was still in treatment at Bi-Valley, but reports indicated she had six positive tests for various drugs since May 2000. Although petitioner's treating physician was optimistic about her prospects for prolonged recovery, the social worker concluded petitioner showed resistance to treatment by continued drug use. The social worker also concluded reunification was not in the minor's best interest and recommended denial of services for petitioner despite some evidence of a parent-child bond.

At the jurisdictional hearing in May 2001, the court sustained the petitions. After further testimony, the court concluded section 361.5, subdivision (b)(12), did apply because petitioner had been in substance abuse treatment at Bi-Valley and her multiple positive tests in 1999 and 2000 showed ongoing use, not merely a relapse. The court denied services for petitioner and set a section 366.26 hearing as to Kairra.

## DISCUSSION

■ Petitioner contends the court erred in applying section 361.5, subdivision (b)(12), to deny her services. Petitioner contends that cases applying the subdivision are distinguishable because, in those cases, the parent was not currently involved in a first attempt to treat a substance abuse problem and had not yet completed the program. Petitioner further argues that applying the subdivision to a parent in treatment who merely had suffered a relapse would render the requirement that a parent "resisted prior treatment" meaningless.

Section 361.5, subdivision (b)(12), permits the juvenile court to deny services when the evidence shows "[t]hat the parent . . . of the child has a history of extensive, abusive and chronic use of drugs or alcohol and has resisted prior treatment for this problem during a three-year period immediately prior to the filing of the petition that brought that child to the court's attention, or has failed or refused to comply with a program of drug or alcohol treatment described in the case plan required by Section 358.1 on at least two prior occasions, even though the programs identified were available and accessible." The statute describes two circumstances under which services may be denied. Only the first is applicable in this case.

Here, petitioner had been in a program voluntarily since 1998, taking methadone and participating in counseling. The court found the program constituted treatment for petitioner's substance abuse.

While participating in the Bi-Valley program, petitioner tested positive in March 1999 for multiple substances and repeatedly tested positive in 2000, thereby demonstrating a serious level of ongoing polysubstance abuse and causing her treating physician to contact DHHS because he feared for the safety of the minor while in petitioner's care. Had there been a single positive test or even several positive tests within a period of a few days, petitioner's drug use might have been considered only a relapse. (See *Laura B. v. Superior Court* (1998) 68 Cal.App.4th 776, 780 [80 Cal.Rptr.2d 472].) Evidently, the positive test in March 1999 was such an isolated test and was so considered. However, petitioner's extended pattern of polysubstance abuse, presaged by the 1999 test, constitutes resistance to treatment she received at Bi-Valley, not merely a relapse.

Petitioner contends this case is distinguishable from the factual setting of several recently published cases because the Bi-Valley program was her first program, she participated in it voluntarily and had not completed it. We note that the statute does not require any program be completed, merely that the

parent resist treatment within three years prior to the filing of the petition. Moreover, the circumstances found in recent cases discussing denial of services under section 361.5, subdivision (b)(12) do not purport to limit the facts which may be found to come within the statute, but merely serve as some examples of the multitudinous ways that parental resistance to substance abuse treatment may result in a denial of services. (*In re Brian M.* (2000) 82 Cal.App.4th 1398, 1401 [98 Cal.Rptr.2d 881] [failure to comply with drug court or probation condition of participation in rehabilitation program and continuous drug use prior to filing the petition]; *In re Levi U.* (2000) 78 Cal.App.4th 191, 194 [92 Cal.Rptr.2d 648] [12-year history of substance abuse, two children removed after being born testing positive for drugs, reunification services offered at least once and continued drug use until shortly before the disposition hearing]; *Karen S.° v. Superior Court* (1999) 69 Cal.App.4th 1006, 1009 [81 Cal.Rptr.2d 858] [chronic substance abuse, voluntary participation in treatment programs including methadone maintenance, continued substance abuse prior to and after the petition was filed]; *Laura B. v. Superior Court, supra,* 68 Cal.App.4th at p. 780 [completed several programs during the three years prior to filing the petition and dropped out of 12-step program and resumed drug use]; *Randi R. v. Superior Court* (1998) 64 Cal.App.4th 67, 73 [74 Cal.Rptr.2d 770] [multiple programs completed but unable to maintain long-term sobriety].)

A parent "can passively resist [treatment] by participating in treatment but nonetheless continuing to abuse drugs or alcohol, thus demonstrating an inability to use the skills and behaviors taught in the program to maintain a sober life." (*Karen S. v. Superior Court, supra,* 69 Cal.App.4th at p. 1010.) The court properly found petitioner had resisted treatment within the three years preceding the filing of the petitions and that section 361.5, subdivision (b)(12), applied to petitioner.

DISPOSITION

The petition is denied.

Callahan, J., and Hull, J., concurred.