[No. C046285. Third Dist. Oct. 15, 2004.]

In re KENNETH M. et al., Persons Coming Under the Juvenile Court Law.
SUTTER COUNTY HUMAN SERVICES AGENCY, Plaintiff and
Respondent, v.
ANGEL J., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication
with the exception of Part II of the DISCUSSION.

**COUNSEL**

Caroline J. Todd, under appointment by the Court of Appeal, for Defendant and Appellant.

Ronald S. Erickson, County Counsel and Richard Stout, Deputy County Counsel, for Plaintiff and Respondent.

## Opinion

**SIMS, Acting P. J.**—Angel J. (appellant), the mother of Kenneth M. and Katie M. (the minors), appeals from orders of the juvenile court terminating her parental rights.[1] (Welf. & Inst. Code, §§ 366.26, 395; undesignated statutory references are to the Welfare and Institutions Code.) Appellant contends the orders terminating her parental rights must be reversed because the juvenile court erred in denying her reunification services and by failing to ensure compliance with the notice requirements of the Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.)[2] Agreeing with the latter claim only, we shall reverse the orders and remand the matter to the juvenile court for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 2003, Sutter County Human Services Agency (HSA) filed original juvenile dependency petitions pursuant to section 300 on behalf of the minors. Those petitions alleged Katie had been the victim of child abuse, resulting in the minor's suffering head and eye injuries. The petitions also alleged there was a substantial risk Kenneth would be abused, and that domestic violence occurred in the home. At the jurisdictional hearing, the juvenile court sustained the petitions in most respects.

In a June 2003 report, the social worker noted the ICWA might apply. At a September 2003 hearing, appellant told the juvenile court that her now-deceased grandfather was Indian. According to appellant's grandmother, who was at the hearing, the grandfather was Cherokee Indian, from Oklahoma, and the grandmother had his "roll card" at her home. The grandmother agreed to send a copy of the roll card to HSA. Thereafter, HSA reported it had not received any information.

Concluding that either appellant or the father of the minors had inflicted the injuries on Katie, HSA recommended the juvenile court deny appellant reunification services. According to the social worker, "as KATIE suffered

---

[1] On June 24, 2004, this court dismissed an appeal by Kenneth M., the father of the minors, from orders terminating his parental rights for failure to file an opening brief.

[2] Appellant's claim is cognizable in this appeal because she raised an identical claim in a petition for extraordinary relief, which was denied summarily by this court. (§ 366.26, subd. (*l*)(1)(B); *Joyce G. v. Superior Court* (1995) 38 Cal.App.4th 1501, 1514 [45 Cal.Rptr.2d 805].) We take judicial notice of the record in that case, *Kenneth M. et al. v. Superior Court* (Jan. 9, 2004, C045433) (nonpub. opn.), pursuant to Evidence Code sections 452, subdivision (d)(1), and 459.

severe physical abuse, likely by one of her parents or possibly by someone they left KATIE in the care of, this Department does not believe that the children would be safe in the parent's [*sic*] care. As KATIE's abuser has not been identified and she suffered this abuse while in the care of her parents, this Department cannot ensure that the children would be safe with their parents. [¶] The parents have been involved with this Department for approximately five months, and have made little to no progress in addressing the issues which brought them to the attention of the Court. Neither of the parents has addressed their anger issues, co-dependency issues, substance abuse issues or parenting needs. Other then [*sic*] visiting, the parents have shown very little motivation to reunify and clearly do not have an understanding of the severity of this Case or seriousness of KATIE's injuries. This Department does not believe that there are any services which could be put in place to ensure the safety of the children."

At the conclusion of the November 2003 dispositional hearing, the juvenile court denied appellant reunification services for Katie pursuant to section 361.5, subdivision (b)(5), and for Kenneth pursuant to subdivision (b)(6) and (7). According to the court, Katie's injuries were inflicted either by appellant or by the minors' father. The court also denied a request by appellant for a psychological evaluation of appellant. Finally, the court found reunification services would not be in the best interests of the minors.

On December 11, 2003, appellant filed a petition for extraordinary relief. In that petition, appellant argued the juvenile court erred in denying her reunification services. On January 9, 2004, this court denied the petition by order.

On October 15, 2003, HSA sent notices of the dependency proceedings by certified mail to United Keetoowah Band, Eastern Band of Cherokee Indians, and Cherokee Nation of Oklahoma. Only one of those three tribes, Eastern Band of Cherokee Indians, responded to the notices. That tribe advised HSA that neither minor was registered or eligible to register as a member of the tribe. Thereafter, in its March 2004 report, HSA concluded ICWA did not apply to the dependency proceedings.

At the March 4, 2004, section 366.26 hearing, appellant objected to the recommendation to terminate her parental rights. Instead of adoption as the permanent plan for the minors, appellant suggested the juvenile court establish a guardianship of the minors. At the conclusion of the hearing, the court found it likely the minors would be adopted and ordered appellant's parental rights terminated.

## DISCUSSION

### I

Appellant contends the juvenile court erred in denying her reunification services. According to appellant, the court cannot base its denial of services on subdivision (b)(5) and (6) of section 361.5, as it failed to determine that it was appellant who inflicted the injuries on Katie. Moreover, appellant argues, the court should have ordered a psychological evaluation that would have assisted the court in its decision whether to grant appellant services.

■ In enacting subdivision (b) of section 361.5, the Legislature has recognized that under some circumstances it may be futile to offer a parent reunification services. (*Karen S. v. Superior Court* (1999) 69 Cal.App.4th 1006, 1010 [81 Cal.Rptr.2d 858].) At the time of the dispositional hearing in this case, subdivision (b) of section 361.5 provided: "Reunification services need not be provided to a parent or guardian described in this subdivision when the court finds, by clear and convincing evidence, any of the following: [¶] . . . [¶] (5) That the child was brought within the jurisdiction of the court under subdivision (e) of Section 300 because of the conduct of that parent or guardian. [¶] (6) That the child has been adjudicated a dependent pursuant to any subdivision of Section 300 as a result of severe sexual abuse or the infliction of severe physical harm to the child, a sibling, or a half-sibling by a parent or guardian, as defined in this subdivision, and the court makes a factual finding that it would not benefit the child to pursue reunification services with the offending parent or guardian. [¶] . . . [¶] (7) That the parent is not receiving reunification services for a sibling or a half-sibling of the child pursuant to paragraph (3), (5), or (6)."

Subdivision (i) of section 361.5 states: "The court shall read into the record the basis for a finding of severe sexual abuse or the infliction of severe physical harm under paragraph (6) of subdivision (b), and shall also specify the factual findings used to determine that the provision of reunification services to the offending parent or guardian would not benefit the child."

Section 300, subdivision (e) provides for jurisdiction over the minor where: "The child is under the age of five and has suffered severe physical abuse by a parent, or by any person known by the parent, if the parent knew or reasonably should have known that the person was physically abusing the child. For the purposes of this subdivision, 'severe physical abuse' means any

of the following: any single act of abuse which causes physical trauma of sufficient severity that, if left untreated, would cause permanent physical disfigurement, permanent physical disability, or death; any single act of sexual abuse which causes significant bleeding, deep bruising, or significant external or internal swelling; or more than one act of physical abuse, each of which causes bleeding, deep bruising, significant external or internal swelling, bone fracture, or unconsciousness; or the willful, prolonged failure to provide adequate food. A child may not be removed from the physical custody of his or her parent or guardian on the basis of a finding of severe physical abuse unless the social worker has made an allegation of severe physical abuse pursuant to Section 332."

In this case, the juvenile court found subdivision (b)(5) of section 361.5 applied to appellant as to Katie and that subdivision (b)(6) and (7) of that section applied as to Kenneth. The court noted that, as to Katie, it had established jurisdiction pursuant to section 300, subdivision (e). The court also stated that either appellant or the father of Katie was the abusive parent.

■ Appellant asserts that the record does not support denial of reunification services based on section 361.5, subdivision (b)(6), as that provision requires identification of the perpetrator and subdivision (i) requires certain factual findings not made by the juvenile court here. Appellant is correct. By its express terms, subdivision (b)(6) applies to the parent who inflicted severe physical harm to the minor. Moreover, section 361.5, subdivision (i) imposes on the juvenile court the duty to state the basis for its findings. Neither of those circumstances is present in this case. Accordingly, denial of services cannot be predicated on subdivision (b)(6). (*In re Rebekah R.* (1994) 27 Cal.App.4th 1638, 1651–1652 [33 Cal.Rptr.2d 265].)

■ Section 300, subdivision (e), and subdivision (b)(5) of section 361.5, however, do not require identification of the perpetrator. (*In re E.H.* (2003) 108 Cal.App.4th 659, 667, 670 [133 Cal.Rptr.2d 740].) Read together, those provisions permit denial of reunification services to either parent on a showing that a parent or someone known by a parent physically abused a minor. (*Id.* at p. 670.) Thus, "conduct" as it is used in section 361.5, subdivision (b)(5) refers to the parent in the household who knew or should have known of the abuse, whether or not that parent was the actual abuser. Here, as we have seen, Katie was the subject of section 361.5, subdivision (b)(5).

■ Under subdivision (b)(7) of section 361.5, the juvenile court may, as it did in this case, deny reunification services in connection with a sibling of the minor who was the subject of subdivision (b)(5). In this case, Katie was the minor who was the victim of severe physical abuse; the juvenile court based its denial of services as to her under subdivision (b)(5). Thereafter, the court also denied services pursuant to subdivision (b)(7) as to Kenneth. The record supports those findings. (Cf. *Karen H. v. Superior Court* (2001) 91 Cal.App.4th 501, 505 [110 Cal.Rptr.2d 665].)

We reject appellant's claim that she was entitled to a psychological evaluation. Neither statute nor case law supports her claim. It is within the discretion of the juvenile court to order such an evaluation. Here, in light of the circumstances underlying the dependency proceedings, the lack of progress made by appellant generally, and the social worker's testimony that appellant would not benefit from services, the court did not abuse its discretion in denying appellant's request for a psychological evaluation.

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The orders terminating appellant's parental rights and selecting adoption as the permanent plan for the minors are reversed, and the matter is remanded for the limited purpose of providing notice to all three Cherokee tribes, in compliance with Indian Child Welfare Act requirements as explained in the Guidelines for State Courts.[4]

If, after proper notice, the Cherokee tribes either do not respond or determine that the minors are not Indian children with respect to the Cherokee tribes, the juvenile court shall reinstate the orders.

---

*See footnote, *ante*, page 16.

[4] Specifically, as stated in Guidelines for State Courts, section B.2(b), "The court shall send the notice specified . . . to each such tribe. The notice shall specify the other tribe or tribes that are being considered as the child's tribe and invite each tribe's views on which tribe shall be so designated." (Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed.Reg. 67586–67587 (Nov. 26, 1979).)

However, if any of the tribes determine the minors are Indian children with respect to the Cherokee tribes, the juvenile court shall hold a new dispositional hearing and a new Welfare and Institutions Code section 366.26 hearing in conformance with all provisions of the Indian Child Welfare Act.

Raye, J., and Butz, J., concurred.

A petition for a rehearing was denied November 3, 2004, and appellant's petition for review by the Supreme Court was denied February 2, 2005.