Filed 12/18/13  B.S. v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| B.S.,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>    Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Real Party in Interest. | F068130<br><br>(Super. Ct. No. 13CEJ30095)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Mary Dolas, Commissioner.

Heather Ann Von Hagen, for Petitioner.

No appearance for Respondent.

Kevin Briggs, County Counsel, William G. Smith, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Gomes, J. and Kane, J.

B.S. (father) seeks extraordinary writ relief (Cal. Rules of Court, rules 8.450-8.452) from the juvenile court's dispositional orders denying him reunification services under Welfare and Institutions Code section 361.5, subdivision (b)(13)[1] and setting a section 366.26 hearing as to his four-year-old son, Brandon. We deny the petition.

## PROCEDURAL AND FACTUAL SUMMARY

In April 2013, the Fresno County Department of Social Services (department) removed then three-year-old Brandon from the custody of his mother after she was arrested on various charges, including possession of a controlled substance and child endangerment. Brandon was placed in foster care.

Father, then incarcerated, was identified as Brandon's alleged father. Father was facing charges for a postrelease community supervision violation stemming from an arrest for possession of marijuana, driving under the influence and being under the influence of a controlled substance.

The juvenile court adjudged Brandon a dependent child and set the dispositional hearing for June 2013. The department recommended the juvenile court deny mother reunification services under section 361.5, subdivision (b)(13) because of her chronic substance abuse and father because, as an alleged father, he was not entitled to them. (§ 361.5, subd. (a).)

In June 2013, father appeared in custody at the dispositional hearing and asked the juvenile court to order paternity testing for him and to place Brandon with relatives. The juvenile court granted his request for paternity testing and continued the hearing. At the continued hearing, the juvenile court elevated father's paternity status to presumed father, ordered the department to assess him for placement and continued the matter.

In an addendum report, the department recommended the juvenile court deny father reunification services under section 361.5, subdivision (b)(13) based on his drug-

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated

2

related arrests and convictions. Specifically, the department cited a 2003 conviction for possession of a controlled substance. Father was ordered, as a condition of his probation, to participate in a drug treatment program. According to father's probation officer, he was referred to Tower Recovery Center in December 2003, but did not complete the program because he was arrested in late January 2004 for violating probation. In addition, father was convicted of felony possession of controlled substances in 2011, and sentenced to two years in prison. In January 2013, he was arrested for possession of marijuana for sale, being under the influence of a controlled substance and driving under the influence, and was facing a possible three-year prison sentence if convicted.

In August 2013, the juvenile court set a contested dispositional hearing and ordered father and mother to appear.

In October 2013, the juvenile court convened the contested dispositional hearing. Neither father nor mother appeared. Father's attorney told the juvenile court father refused to be transported from the county jail. Counsel presented their cases by argument, after which the juvenile court denied father and mother reunification services as recommended and set a section 366.26 hearing. This petition ensued.[2]

## DISCUSSION

The juvenile court can deny a parent reunification services under section 361.5, subdivision (b)(13) (the statute) if it finds by clear and convincing evidence that the parent "has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior court-ordered treatment for this problem during a three-year period immediately prior to the filing of the petition that brought that child to the court's attention ...."

We review the juvenile court's denial of reunification services under the statute for substantial evidence. (*Francisco G. v. Superior Court* (2001) 91 Cal.App.4th 586, 600.)

---

[2]     Mother did not file a writ petition.

3

That is, we determine whether there is reasonable, credible evidence of solid value such that a reasonable trier of fact could have made the challenged finding. (*In re Brian M.* (2000) 82 Cal.App.4th 1398, 1401.) Under this standard, we view the evidence in a light most favorable to the juvenile court's ruling, indulging all legitimate and reasonable inferences in its favor. (See *In re Misako R.* (1991) 2 Cal.App.4th 538, 545.)

Father contends the statute does not apply to him because there is no direct evidence he used drugs and his drug-related arrests are insufficient to prove drug use. He further contends there is no evidence he resisted treatment.

We conclude the juvenile court could reasonably infer from the evidence father's drug use was extensive and chronic and that he resisted treatment within the meaning of the statute. Father was convicted in 2003, for felony possession of a controlled substance and required to complete court-ordered drug treatment as a result. From that, the juvenile court could infer that father was using drugs in 2003. The juvenile court could also infer that his drug use was extensive and chronic because eight years later in 2011, he was convicted of possessing a controlled substance and in 2013 he was arrested for being under the influence.

Moreover, the juvenile court could reasonably infer father resisted drug treatment. Resistance to treatment can be manifest in a variety of ways, including undergoing or enrolling in drug treatment and then resuming drug use within three years prior to the filing of the petition. (*Laura B. v. Superior Court* (1998) 68 Cal.App.4th 776, 780.)

Father argues there is no evidence he actually entered a drug treatment program in 2003. We disagree. The department reported the circumstances of father's drug treatment referral in specific terms. He was referred to Tower Recovery Center in December 2003, but did not "complete" it because he was arrested in late January 2004. From that the juvenile court could reasonably infer that father was participating in treatment when he was arrested.

Based on the foregoing, we conclude substantial evidence supports the juvenile court's order denying father reunification services under the statute.

## DISPOSITION

The petition for extraordinary writ is denied. This opinion is final forthwith as to this court.