34 Cal.Rptr.3d 288 (2005)
132 Cal.App.4th 1234
In re ARYANNA C. et al., Persons Coming Under the Juvenile Court Law.
Trinity County Department of Health and Human Services, Plaintiff and Respondent,
v.
Dan C., Defendant and Appellant.
No. C049254.
Court of Appeal, Third District.
September 26, 2005.
*289 Jesse Frederic Rodriguez, Los Angeles, for Defendant and Appellant.
Jeanette Palla, Trinity County Counsel, for Plaintiff and Respondent.
DAVIS, J.
In this appeal, we consider whether the juvenile court has the authority to terminate the reunification services of a parent in a child dependency case prior to the expiration of the six-month period from the time a child has entered foster care. Dan C. (appellant), the father of two children, Aryanna and Isaiah (the minors), whose services were ended after less than three months had elapsed and whose parental rights to the minors later were terminated, contends that, once granted, reunification services may not be ended prior to the six-month review hearing, absent the filing of a petition for modification by the child protective services agency.
We conclude the juvenile court has the statutory authority, on a proper record and after conducting a hearing, to exercise its discretion and terminate reunification services at any time. In doing so, the court must consider all of the circumstances before it, and its determination must be based on a careful exercise of its discretion. In this case, we conclude that the juvenile court properly terminated appellant's reunification services approximately three months before the six-month time period elapsed. Accordingly, we affirm the order terminating appellant's parental rights.

*290 FACTS AND PROCEDURAL HISTORY
On June 8, 2004, Trinity County Department of Health and Human Services (DHHS) filed original juvenile dependency petitions pursuant to Welfare and Institutions Code section 300 on behalf of the minors, both of whom were under a year old.[1] The petitions alleged generally that substance abuse by appellant and the mother of the minors placed the minors at a substantial risk of harm. The juvenile court sustained the petitions in part.
At the July 12, 2004, dispositional hearing, the juvenile court adjudged the minors dependent children and granted appellant reunification services. The court also advised appellant that it could terminate services after six months and scheduled an "interim review hearing" in two months. Noting that appellant had done little to address his difficulties thus far, DHHS had requested "an early review to determine ... compliance with the case plan and possible termination of services should [appellant] not avail [himself] of the services ...."
At the October 4, 2004, review hearing, counsel for appellant asked the juvenile court to grant appellant three more months of reunification services. Appellant was present but in custody pending criminal charges. According to the social worker's report, appellant had failed to comply with the requirements of his reunification plan. He had tested twice for drug abuse, both times submitting positive tests for marijuana and methamphetamine. Moreover, appellant failed to attend all but one scheduled visit with the minors. For those reasons, DHHS asked the juvenile court to terminate appellant's reunification services.
At the conclusion of the review hearing, the juvenile court terminated appellant's reunification services and set the matter for a hearing to determine a permanent plan for the children. (§ 366.26.) According to the court, DHHS had provided appellant reasonable services. The court found an absence of compliance by appellant with the plan "when there could have been and should have been compliance."
On November 12, 2004, appellant, in a petition for extraordinary writ, challenged the termination of his reunification services and sought relief from the juvenile court's order setting the section 366.26 hearing. This court summarily denied the petition on December 3, 2004 (C048069).
At the March 14, 2005, section 366.26 hearing, the juvenile court found it likely the minors would be adopted and terminated appellant's parental rights. Appellant appealed the orders terminating his parental rights.

DISCUSSION

I
Appellant contends the juvenile court committed prejudicial error in terminating his reunification services prior to expiration of the six-month time period contained in sections 361.5 and 366.21.[2] According to appellant, the only method by which the court properly could end his reunification services before he received six months of services would be if DHHS filed a petition for modification (§ 388) of the dispositional order granting services, *291 which was not done in this case.[3] As he was denied the six months of services to which he was entitled, appellant argues the orders terminating his parental rights must be reversed.[4]

II
In construing statutory enactments, we look to the words of the statutes to ascertain the legislative intent and to effectuate the purpose of the law. (Gooch v. Hendrix (1993) 5 Cal.4th 266, 282, 19 Cal.Rptr.2d 712, 851 P.2d 1321; In re Heraclio A. (1996) 42 Cal.App.4th 569, 574, 49 Cal.Rptr.2d 713.) Where the language of the statute is clear, there is no need to resort to other indicia of legislative intent; no need for construction then exists. (Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735, 248 Cal.Rptr. 115, 755 P.2d 299; Solberg v. Superior Court (1977) 19 Cal.3d 182, 198, 137 Cal.Rptr. 460, 561 P.2d 1148.) Finally, provisions relating to the same subject matter must be harmonized if possible. (Lungren v. Deukmejian, supra, 45 Cal.3d at p. 735, 248 Cal.Rptr. 115, 755 P.2d 299.)
Section 361.5 governs the provision of reunification services to parents. Subdivision (a) of that statute states in part: "Except as provided in subdivision (b), ... whenever a child is removed from a parent's or guardian's custody, the juvenile court shall order the social worker to provide child welfare services to the child and the child's mother and statutorily presumed father or guardians.... Child welfare services, when provided, shall be provided as follows: [¶] (1) For a child who, on the date of initial removal from the physical custody of his or her parent or guardian, was three years of age or older, court-ordered services shall not exceed a period of 12 months from the date the child entered foster care, except as otherwise provided in paragraph (3). [¶] (2) For a child who, on the date of initial removal from the physical custody of his or her parent or guardian, was under the age of three years, court-ordered services may not exceed a period of six months from the date the child entered foster care. [¶] (3) For the purpose of placing and maintaining a sibling group together in a permanent home should reunification efforts fail, for a child in a sibling group whose members were removed from parental custody at the same time, and in which one member of the sibling group was under the age of three years on the date of initial removal from the physical custody of his or her parent or guardian, court-ordered services to some or all of the sibling group may be limited to a period of six months from the date the child entered foster care ...." [¶] ... [¶] "Notwithstanding paragraphs (1), (2), and (3), court-ordered services may be extended up to a maximum time period not to exceed 18 months after the date the child was originally removed from physical custody of his or her parent or guardian if it can be shown, at the hearing held pursuant to subdivision (f) of Section 366.21, that the permanent plan for the child is that he or she will be returned and safely maintained in the home within the extended time period. The court shall extend the time period only if it finds that there is a substantial probability that the child will be returned to the physical custody of his *292 or her parent or guardian within the extended time period or that reasonable services have not been provided to the parent or guardian...."
Section 366, subdivision (a)(1) states in part that the status of every child in foster care "shall be reviewed periodically as determined by the court but no less frequently than once every six months...." Several other statutes and rules of court pertain to review hearings held in dependency matters. For example, subdivision (e) of section 366.21 refers to a "review hearing held six months after the initial dispositional hearing...." Rule 1460(a)(1) of the California Rules of Court states in part that a review hearing "must be held within six months...." Subdivisions (f) and (g)(1) of section 366.21, as well as section 366.22, also refer to periodic review hearings at 12- and 18-month intervals. One court has characterized the time frames of those hearings as "outer limits of time within which the review hearing may be held. That a six-month review hearing may be held at a time less than six months from the prior hearing seems clear." (In re Candace P. (1994) 24 Cal.App.4th 1128, 1133, 30 Cal.Rptr.2d 1.) That court also cautioned that, in its view, it would be erroneous for a juvenile court to order a review hearing after a time period "substantially shorter than six months." (Ibid.)
The statutes governing reunification services and review hearings must be considered in light of the juvenile dependency system as a whole. (In re Marilyn H. (1993) 5 Cal.4th 295, 307, 19 Cal.Rptr.2d 544, 851 P.2d 826.) The overall objective of that system is the protection of abused or neglected children and the provision of permanent, stable homes if they cannot be returned to parental custody within a reasonable time. (Ibid.) The general purpose of dependency law is to safeguard the welfare and best interests of children. (§ 202, subds.(a), (b); In re Malinda S. (1990) 51 Cal.3d 368, 384, 272 Cal.Rptr. 787, 795 P.2d 1244.)

III
In this case, appellant signed a reunification plan that required him to visit the minor regularly, participate in counseling and substance abuse assessments, refrain from illegal drug use, and drug test regularly. Although the June 2004 plan contained a projected completion date of December 2004, the plan did not state that appellant was promised six months of reunification services. In fact, at the July 2004 dispositional hearing, which appellant did not attend, counsel for appellant acknowledged that conducting a review hearing in three months might be "a way to monitor more closely [appellant's] compliance [with his reunification plan]." The juvenile court then indicated its intent to "try this reunification with a very short turnaround and review, because I don't think ... it's going to be worthwhile."[5]
Unfortunately, the juvenile court's words proved to be prescient. Appellant missed scheduled assessments and twice tested positive for marijuana and methamphetamine. Moreover, appellant missed virtually all of his scheduled visits with the minors.
*293 At the time of the October 2004 review hearing, appellant was in custody pending trial on burglary and other charges. Presented with appellant's abysmal record of failure at reunification thus far, the juvenile court had little choice but to find appellant had not complied with his reunification plan and was unlikely to do so in the near future. The issue then is: what are the court's options at that point? Appellant argues that, pursuant to the dispositional order granting him services, he was "entitled to receive a minimum six months of services before the juvenile court could consider terminating those services."
We disagree. Reading sections 361.5, subdivision (a), and 366.21, subdivision (e), together, we conclude that the juvenile court has the discretion to terminate the reunification services of a parent at any time after it has ordered them, depending on the circumstances presented. Our determination is supported by the express language of section 361.5, subdivision (a)(2), applicable to this case, which provides that services "may not exceed" six months; it does constitute a grant of services for a six-month period. Thus, the "maximum period of reunification services is generally six months" when the child is under three years old. (Sara M. v. Superior Court (2005) 36 Cal.4th 998, 1009, fn. 4, 32 Cal.Rptr.3d 89, 116 P.3d 550.) Moreover, we construe section 366.21, subdivision (e), as providing for hearings at approximately six-month intervals, without imposing strict time limits. (In re Candace P., supra, 24 Cal.App.4th at pp. 1132-1133, 30 Cal.Rptr.2d 1.)
Our conclusion is consistent with the purposes underlying the dependency system. Where, as the record shows in this case, the likelihood of reunification is extremely low (cf. Deborah S. v. Superior Court (1996) 43 Cal.App.4th 741, 750, 50 Cal.Rptr.2d 858), a continuation of the reunification period would waste scarce resources and delay permanency for dependent minors. Our interpretation of the pertinent statutes is consistent with the legislative intent behind the statutory scheme  "to balance efforts to reunify the family with the child's need for stability." (Sara M. v. Superior Court, supra, 36 Cal.4th at p. 1015, 32 Cal.Rptr.3d 89, 116 P.3d 550.)
The importance of reunification services in the dependency system cannot be gainsaid. The law favors reunification whenever possible. (In re Joanna Y. (1992) 8 Cal.App.4th 433, 438, 10 Cal.Rptr.2d 422.) To achieve that goal, ordinarily a parent must be granted reasonable reunification services. (Ibid.) But reunification services constitute a benefit; there is no constitutional "`entitlement'" to those services. (In re Joshua M. (1998) 66 Cal.App.4th 458, 476, 78 Cal.Rptr.2d 110.)
Under most circumstances, it is reasonable to expect a parent will receive at least six months of reunification services. Indeed, we recognize that due to the congested court calendars so typical today, review hearings are often delayed, resulting in intervals of six or more months between hearings. Moreover, we would look with skepticism at a juvenile court order ending services after only a few days or weeks had passed. We hold only that a parent is not entitled to a prescribed minimum period of services.[6] It remains within the discretion of the juvenile court to *294 determine whether continued services are in the best interests of the minor, or whether those services should be ended at some point before six months have elapsed.

IV
Appellant argues that the only valid method of terminating reunification services prior to the expiration of the six-month period is to require the filing of a petition for modification, pursuant to section 388. In support of that claim, appellant relies primarily on Sheila S. v. Superior Court (2000) 84 Cal.App.4th 872, 101 Cal.Rptr.2d 187 (Sheila S.).
In Sheila S., the Department of Family and Children's Services had filed a petition to modify the dispositional order by terminating reunification services pursuant to statutory grounds contained in section 361.5, subdivision (b)(2). Concluding the department had proved it was in the best interests of the minors "to not provide reunification services" to the parent (Sheila S., supra, 84 Cal.App.4th at p. 877, 101 Cal.Rptr.2d 187), the juvenile court granted the petition, and the Court of Appeal found no abuse of discretion. (Id. at pp. 876-877, 881, 101 Cal.Rptr.2d 187.) Although the appellate court held that a petition for modification was an appropriate method of seeking termination of services, it did not hold that such a petition was required. (Id. at pp. 877-879, 101 Cal.Rptr.2d 187.)
"[A]n opinion is not authority for a proposition not therein considered." (Ginns v. Savage (1964) 61 Cal.2d 520, 524, fn. 2, 39 Cal.Rptr. 377, 393 P.2d 689.) Accordingly, Sheila S. does not constitute authority that a petition for modification must be filed to end services early. In any event, in this case the juvenile court never granted appellant six months of services. Instead, the court suggested at the dispositional hearing that appellant's services might be ended before the end of six months. There was no error.

DISPOSITION
Appellant has tendered no other claim challenging the termination of his parental rights. We therefore affirm the juvenile court's findings and orders at the section 366.26 hearing terminating appellant's parental rights.
We concur: SCOTLAND, P.J., and SIMS, J.
NOTES
[1] Further undesignated section references are to the Welfare and Institutions Code.
[2] Appellant's claim is cognizable in this appeal because he made a challenge to the termination of his reunification services in a writ petition. (§ 366.26, subd. (l)(1); Joyce G. v. Superior Court (1995) 38 Cal.App.4th 1501, 1514, 45 Cal.Rptr.2d 805.)
[3] Section 388 provides in part that a petition may be filed on grounds of change of circumstance or new evidence "for a hearing to change, modify, or set aside any order of court previously made...."
[4] As appellant's claim involves an "important legal issue," his failure to tender it in the juvenile court does not constitute a forfeiture of the claim on appeal. (Cf. In re S.B. (2004) 32 Cal.4th 1287, 1293 & fn. 2, 13 Cal.Rptr.3d 786, 90 P.3d 746.)
[5] It is true that the written order of the dispositional hearing stated in part that "reunification efforts may be terminated after six months...." Even assuming that order could be interpreted to grant appellant six months of services, we conclude that under the circumstances the juvenile court's comments and orders stated at the dispositional hearing prevail over the order contained in the clerk's transcript, to the extent they are inconsistent with the written order. (Cf. People v. Smith (1983) 33 Cal.3d 596, 599, 189 Cal.Rptr. 862, 659 P.2d 1152.)
[6] We respectfully disagree with dicta in cases cited by appellant suggesting that parents are entitled by statute to at least six months of services, regardless of the circumstances. (Judith P. v. Superior Court (2002) 102 Cal.App.4th 535, 546, 126 Cal.Rptr.2d 14; Daria D. v. Superior Court (1998) 61 Cal.App.4th 606, 612, 71 Cal.Rptr.2d 668.)