[No. D051108. Fourth Dist., Div. One. Nov. 21, 2007.]

In re JESSE W. et al., Persons Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
S.W., Defendant and Appellant.

54

**COUNSEL**

Leslie S. Barry for Defendant and Appellant.

John E. Philips, Chief Deputy County Counsel, Katharine R. Bird and J. Jeffrey Bitticks, Deputies County Counsel, for Plaintiff and Respondent.

Carl Fabian for Minors.

**OPINION**

**McCONNELL, P. J.**—S.W., mother of dependent minors Jesse W. and J.W., appeals an order terminating her reunification services at a six-month review hearing under Welfare and Institutions Code section 366.21, subdivision (e).[1] This case presents an issue of first impression: whether, at a six-month review hearing involving dependent minors under the age of three, the juvenile court is required to continue previously offered reunification services for one parent when reunification efforts continue for the other parent and the court does not set a section 366.26 selection and implementation hearing. We conclude the juvenile court may, but need not, continue an offer of reunification services to one parent when services are extended for the other parent and no selection

---

[1] Statutory references are to the Welfare and Institutions Code.

and implementation hearing is set. Given that discretion, we further conclude the court here properly terminated S.W.'s services because the evidence showed S.W., despite receiving six months of services, made no attempt at reunification and was extremely unlikely to do so in the near future. Accordingly, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2006, two-year-old Jesse and eight-month-old J.W. (together, the minors) came to the attention of the San Diego County Health and Human Services Agency (Agency) when S.W. stabbed the minors' father, Christopher C., with a steak knife. Agency filed petitions in the juvenile court under section 300, subdivision (b) alleging the parents had exposed the minors to domestic violence. The court detained the minors with Christopher on certain conditions, including not allowing S.W. in the home.

At a jurisdiction and disposition hearing, the court sustained the allegations of the petitions as amended and placed the minors with Christopher. The court ordered a family maintenance plan for Christopher and explained that if he did not follow all court orders, the minors would be removed from his care. The court ordered S.W. to participate in reunification services, including a domestic violence program, counseling, a psychological evaluation if recommended by her therapist, the "Substance Abuse Recovery Management System" program and parenting classes.

During the next several months, S.W. did not maintain contact with Agency or visit the minors. In March 2007, S.W. assaulted Christopher in his home after he told her to leave. The police and S.W.'s probation officer were notified and an arrest warrant issued. The juvenile court also issued a bench warrant after finding S.W. had not participated in drug treatment.

In May 2007, Agency filed a supplemental petition under section 387, alleging the minors' placement with Christopher was no longer appropriate because the social worker, during a visit to Christopher's home, found S.W. there. An investigation showed S.W. was likely living with Christopher and the minors. Christopher denied S.W. lived with him, said he did not know where she lived and claimed the social worker saw someone other than S.W. in his home. The court detained the minors out of home and set the

jurisdiction and disposition hearing on the section 387 petition to coincide with the six-month review hearing.

The social worker recommended terminating S.W.'s services. The parents had made no progress with their service plans, and had not maintained contact with Agency or visited the minors. Agency was reluctant to recommend services for Christopher, but recognized services were required because the minors had not been removed from Christopher's care before the section 387 petition was filed.

The court sustained the allegations of the section 387 petition and placed the minors in relative care. Agency recommended the court terminate S.W.'s services but offer six months of services for Christopher. S.W.'s counsel argued the court was required to continue services for S.W., regardless of S.W.'s participation or progress, as long as Christopher was receiving services and no selection and implementation hearing was set. The court ordered the parties to brief the issue.

After considering the parties' positions, the court found S.W. had not participated in any reunification services or complied with the requirements of her criminal probation, and thus, it was futile for Agency to continue offering her services. The court continued the minors as dependents, terminated S.W.'s services, ordered reunification services for Christopher and set a review hearing.

## DISCUSSION

S.W. contends that when the court does not return a minor to parental custody or set a section 366.26 hearing, it *must* continue reunification services for any parent who was previously receiving services, irrespective of that parent's compliance with those services. Citing section 366.21, subdivision (e) and California Rules of Court,[2] rule 5.710, S.W. asserts once the court orders services for a parent, it has no authority to terminate those services unless a section 366.26 hearing is set.

### I

Section 366.21, subdivision (e) contains no express provision for a situation, like the one here, where the minors are under the age of three, there is

---

[2] All rule references are to the California Rules of Court.

no possibility of returning them to their mother's custody because she has not availed herself of reunification services within the maximum period provided by section 361.5, subdivision (a)(2), but the court cannot set a section 366.26 hearing because the minors' father is receiving his initial six months of services. Nevertheless, we believe a fair reading of section 366.21, subdivision (e), together with section 361.5, subdivision (a)(2) and in light of the statutory scheme as a whole, compels the conclusion that at a six-month review hearing, the juvenile court retains the discretion to terminate the offer of services to one parent even if the other parent is receiving services and no section 366.26 hearing is set.

■ Our analysis of this issue requires examining the interplay between the two statutes relevant here: section 361.5, subdivision (a)(2) governing reunification services for a parent when the minor is under the age of three, and section 366.21, subdivision (e) governing six-month review hearings. In construing these statutes, we look first to the words used to determine the intent of the Legislature so as to effectuate the law's purpose. (*In re Heraclio A.* (1996) 42 Cal.App.4th 569, 574 [49 Cal.Rptr.2d 713].) Where the statutory language is clear and unambiguous, we follow its plain meaning and need not examine other indicia of legislative intent. (*In re Alanna A.* (2005) 135 Cal.App.4th 555, 563 [37 Cal.Rptr.3d 579].) If a statute is theoretically capable of more than one construction, we must choose the construction which most comports with the Legislature's intent. (*Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 744 [110 Cal.Rptr.2d 828, 28 P.3d 876].)

■ Further, although "different hearings within the dependency process have different standards and purposes, they are part of an overall process and ongoing case. One section of the dependency law may not be considered in a vacuum. It must be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect." (*In re Marilyn H.* (1993) 5 Cal.4th 295, 307 [19 Cal.Rptr.2d 544, 851 P.2d 826].) In this regard, we give significance, if possible, to every word, phrase, sentence and part of a statute in accordance with the legislative purpose. (*In re Merrick V.* (2004) 122 Cal.App.4th 235, 251 [19 Cal.Rptr.3d 490].) " 'Such purpose will not be sacrificed to a literal construction of any part of the act.' " (*Ibid.*)

■ In construing sections 361.5, subdivision (a)(2) and 366.21, subdivision (e), we strive to avoid an interpretation that requires one statute to be ignored. (See *In re Merrick V., supra,* 122 Cal.App.4th at p. 251.) " 'A court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions. [Citations.] This rule applies although one of the statutes involved deals generally with a subject and another relates specifically to particular aspects of the subject. [Citations.]' " (*In re Sarah F.* (1987) 191 Cal.App.3d 398, 408–409 [236 Cal.Rptr. 480].)

## II

■ Whenever a minor is removed from parental custody, the juvenile court must, in the absence of certain specified exceptions,[3] order the social worker to provide services to the parent for the purpose of facilitating reunification of the family. (§ 361.5, subd. (a); *In re Luke L.* (1996) 44 Cal.App.4th 670, 678 [52 Cal.Rptr.2d 53]; *In re Michael G.* (1998) 63 Cal.App.4th 700, 714 [74 Cal.Rptr.2d 642].) "The importance of reunification services in the dependency system cannot be gainsaid. The law favors reunification whenever possible." (*In re Aryanna C.* (2005) 132 Cal.App.4th 1234, 1242 [34 Cal.Rptr.3d 288].) To achieve this purpose, parents are generally entitled to 12 months of reunification services. However, under section 361.5, subdivision (a)(2), "court-ordered services *shall not* exceed a period of six months" if the minor was under the age of three when removed from the physical custody of his or her parent. (Italics added; see *Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1009, fn. 4 [32 Cal.Rptr.3d 89, 116 P.3d 550].) The shortened reunification period was meant "to give juvenile courts greater flexibility in meeting the needs of young children, 'in cases with a poor prognosis for family reunification . . . .' " (*Daria D. v. Superior Court* (1998) 61 Cal.App.4th 606, 611 [71 Cal.Rptr.2d 668].) It also represents a legislative determination that in certain situations, efforts to continue reunification services beyond the statutorily mandated six months do not serve and protect a minor's interest. (See *In re Joshua M.* (1998) 66 Cal.App.4th 458, 470 [78 Cal.Rptr.2d 110].) Nevertheless, the court may extend the reunification period for a minor under the age of three up to 18 months if there is a substantial probability the minor will be returned to the parent's physical custody within the extended time period or reasonable services have not been provided to the parent. (§ 361.5, subd. (a).)

■ The statutory scheme allows services to be provided for one parent but not the other. (§§ 16507, subd. (c), 361.2, subd. (b)(3), 361.5, subds. (b), (e); see also *In re Brian M.* (2000) 82 Cal.App.4th 1398, 1400, fn. 1 [98 Cal.Rptr.2d 881] [one parent denied services at disposition under § 361.5, subd. (b) while other parent was offered services]; *Riverside County Dept. of Public Social Services v. Superior Court* (1999) 71 Cal.App.4th 483, 485, fn. 1 [83 Cal.Rptr.2d 777] [same]; *In re DeJohn B.* (2000) 84 Cal.App.4th 100, 110 [100 Cal.Rptr.2d 649] [court may reinstitute services for one parent, but not the other, after a reversal on appeal].) The court's determinations regarding whether to offer services, and which particular services to offer, are necessarily made as to each parent individually. (See *David B. v. Superior Court* (2004) 123 Cal.App.4th 768, 795–796 [20 Cal.Rptr.3d 336] [services offered to father were inadequate because they were not tailored to meet his

---

[3] The exceptions to providing reunification services, not applicable here, are set forth in section 361.5, subdivision (b)(1) through (15).

specific needs]; *In re Victoria M.* (1989) 207 Cal.App.3d 1317, 1329–1330 [255 Cal.Rptr. 498] [parent is entitled to services that are responsive to family's special needs in light of one parent's particular disabilities].) Nowhere in the statutory scheme is the provision of services to one parent expressly conditioned on the provision of services to the other parent. Moreover, at no time during the reunification process does the court's offer of continued services to one parent depend solely on the efforts of the other parent. (See *In re Alanna A.*, *supra*, 135 Cal.App.4th at p. 565 [court's exercise of discretion regarding extending services at 12-month hearing was based on each parent's efforts to reunify].) Indeed, at each review hearing, the court must evaluate the efforts or progress toward reunification made by each parent individually by considering "the extent to which *he or she* availed *himself or herself* to services provided." (§ 366.21, subd. (e), italics added; see *id.*, subd. (f); see also §§ 366.21, subd. (g)(1), 366.22, subd. (a).) Although the purpose of services is to facilitate a child's return to parental custody, reunification often involves one, but not both, parents.

█ The goal of family reunification is not served when a parent has shown no interest in reunifying. Because reunification services are a benefit, not a constitutional entitlement, the juvenile court has discretion to terminate those services at any time, depending on the circumstances presented. (*In re Aryanna C.*, *supra*, 132 Cal.App.4th at p. 1242 [father's abysmal efforts at reunification supported court's decision to terminate services before expiration of six-month period].) In deciding whether to terminate the services of one parent who has failed to participate or make progress toward reunification, the court is not constrained by a consideration of the other parent's participation in services.

### III

S.W. does not base her right to an extended offer of reunification services entirely on the provision of services to Christopher. Rather, she also argues the clear language of section 366.21, subdivision (e) prohibited the court from terminating her reunification services because it did not set a section 366.26 selection and implementation hearing. Specifically, S.W. claims section 366.21, subdivision (e) requires the juvenile court to "direct that any reunification services previously ordered shall continue. . . ." However, S.W. takes this language out of context and ignores the entire statutory scheme of which this provision is a part, including the limitation on the provision of services where the minors were under the age of three.

█ Significant safeguards have been built into the dependency scheme, including periodic review hearings at which the court determines whether a minor should be returned to parental custody and evaluates a parent's

reunification efforts in light of the services offered or provided. (*In re Marilyn H., supra,* 5 Cal.4th at p. 307.) Review hearings are critical because they are the point at which a parent may be denied further reunification services. (*In re James Q.* (2000) 81 Cal.App.4th 255, 268 [96 Cal.Rptr.2d 595].) At the six-month review hearing, the court must order the minor returned to the physical custody of his or her parent unless it finds, by a preponderance of the evidence, that returning the child would create a substantial risk of detriment to the child's safety, protection, or physical or emotional well-being. (§ 366.21, subd. (e).) The parent's failure "to participate regularly and make substantive progress in court-ordered treatment programs shall be prima facie evidence that return would be detrimental." (*Ibid.*) In making its determination, the court must consider the efforts and progress shown by the parent and the extent to which the parent availed himself or herself of services provided. (*Ibid.*)

Section 366.21, subdivision (e) further provides:

"Whether or not the child is returned to a parent . . . the court shall specify the factual basis for its conclusion that the return would be detrimental or would not be detrimental. The court also shall make appropriate findings pursuant to subdivision (a) of Section 366; and, *where relevant*, shall order any additional [reunification] services reasonably believed to facilitate the return of the child to the custody of his or her parent . . . .[4]

"*If the child was under the age of three years on the date of the initial removal,* or is a member of a sibling group [in which one member was under the age of three years] . . . and the court finds by clear and convincing evidence that the parent failed to participate regularly and make substantive progress in a court-ordered treatment plan, the court may schedule a hearing pursuant to Section 366.26 within 120 days. If, however, the court finds there is a substantial probability that the child, who was under the age of three years on the date of initial removal or is a member of a sibling group [in which one member was under the age of three years] . . . may be returned to his or her parent . . . within six months or that reasonable services have not been provided, the court shall continue the case to the 12-month permanency hearing. [¶] . . . [¶]

"If the child was removed initially under subdivision (g) of Section 300 and the court finds by clear and convincing evidence that the whereabouts of the parent are still unknown, or the parent has failed to contact and visit the child, the court may schedule a hearing pursuant to Section 366.26 within

---

[4] Because the court found returning the minors to S.W.'s custody would be detrimental to them and there was no substantial probability of return, it was not required to order additional reunification services under this provision.

120 days. If the court finds by clear and convincing evidence that the parent has been convicted of a felony indicating parental unfitness, the court may schedule a hearing pursuant to Section 366.26 within 120 days.

"If the child had been placed under court supervision with a previously noncustodial parent pursuant to Section 361.2, the court shall determine whether supervision is still necessary. The court may terminate supervision and transfer permanent custody to that parent . . . .

"*In all other cases,* the court shall direct that any reunification services previously ordered shall continue to be offered to the parent . . . *pursuant to the time periods set forth in subdivision (a) of Section 361.5,* provided that the court may modify the terms and conditions of those services.

"If the child is not returned to his or her parent . . . the court shall determine whether reasonable services that were designed to aid the parent . . . in overcoming the problems that led to the initial removal and the continued custody of the child have been provided or offered to the parent . . . . The court shall order that those services be initiated, *continued,* or *terminated.*" (§ 366.21, subd. (e), italics added.)

▇ The statute makes clear that the court has discretion to set a section 366.26 hearing at the six-month review hearing under specified circumstances: (1) the minor was under the age of three or was a member of a sibling group in which one member was under the age of three; (2) the parent's whereabouts continue to be unknown or the parent has not visited or contacted the minor; or (3) the parent was convicted of a felony indicating parental unfitness. If the court chooses to set a selection and implementation hearing, it "shall . . . order the termination of reunification services to the parent . . . ." (§ 366.21, subd. (h).)

▇ If the case does not fall into one these categories, the paragraph beginning with the language "[i]n all other cases" becomes operative. Under that paragraph, the court must direct that previously ordered reunification services continue to be offered to a parent, subject to the court's ability to modify the terms and conditions of those services. This presupposes reunification efforts with that parent are ongoing because otherwise, there would be no need for services or purpose served by offering them. Thus, where the minor is not returned to a parent's custody at the six-month hearing but the possibility of reunification with that parent exists, the court must ensure appropriate services are being offered in furtherance of that goal.

▇ In all cases where the minor is under the age of three, the provision for continued services found in section 366.21, subdivision (e) is self-limited

by the mandatory time periods of section 361.5, subdivision (a). Because a parent of a minor under the age of three can receive a maximum of six months of services unless there is a substantial probability the minor will be returned to that parent's physical custody (§ 361.5, subd. (a)(2)), the provision for continued services beyond six months applies only when a parent is so entitled, that is, has participated in and made substantive progress with services and has shown there is a substantial probability of reunification by the 12-month date. Thus, the requirement for continued services under section 366.21, subdivision (e) does not apply when a parent has been offered or received six months of services for a child under the age of three and there is no probability of return.

Nothing in section 366.21, subdivision (e) *requires* the court to continue to offer services at the six-month hearing to a parent whose children are under the age of three and who has made no attempt at reunification. Rather, the provision of continued services is expressly limited by section 361.5, subdivision (a), which includes a provision that "services shall not exceed a period of six months from the date the child entered foster care." (§ 361.5, subd. (a)(2).) Under the rules of statutory construction, we may not introduce a new factor into the statutory equation.

Moreover, even when the court does not set a section 366.26 hearing at the six-month review hearing, it retains discretion to terminate services. Section 366.21, subdivision (e) further provides that if the minor is not returned to a parent's custody, the court must assess the reasonableness of services offered or provided and "shall order that those services be initiated, continued, or terminated." This provision is consistent with the notion that a parent's services can be terminated at a six-month review hearing without regard to whether the other parent is receiving services or the court sets a section 366.26 hearing.

Our conclusion is not changed by rule 5.710(f)(11). That rule, which was meant to implement section 366.21 in the conduct of review hearings, provides that if a minor is not returned to a parent and the court does not set a section 366.26 hearing, the court must continue to offer reunification services previously ordered. Conspicuously absent from this rule is the language contained in section 366.21, subdivision (e), which expressly incorporates section 361.5, subdivision (a)(2) and thereby limits the provision of services to six months where the minor is under the age of three. If a statute reflects a legislative choice to require a particular procedure, a rule of court may not deviate from that procedure. (*People v. Hall* (1994) 8 Cal.4th 950, 961–962 [35 Cal.Rptr.2d 432, 883 P.2d 974]; *Trans-Action Commercial Investors, Ltd. v. Firmaterr, Inc.* (1997) 60 Cal.App.4th 352, 364 [70 Cal.Rptr.2d 449].) To the extent rule 5.710(f)(11) is inconsistent with or does

not track the language of the statute it purports to implement, it cannot be followed. (See *Renee J. v. Superior Court, supra*, 26 Cal.4th at p. 749, fn. 7.) Further, as we have concluded, sections 366.21, subdivision (e) and 361.5, subdivision (a)(2) give the juvenile court discretion to terminate or continue services. We read rule 5.710(f)(11) as consistent with that conclusion.

## IV

"In the end, a court must adopt the construction most consistent with the apparent legislative intent and most likely to promote rather than defeat the legislative purpose and to avoid absurd consequences." (*In re J.W.* (2002) 29 Cal.4th 200, 213 [126 Cal.Rptr.2d 897, 57 P.3d 363].) Reading section 366.21, subdivision (e) together with section 361.5, subdivision (a)(2), we reject S.W.'s interpretation that the juvenile court has *no* discretion to terminate a parent's reunification services at the six-month review hearing *unless* a section 366.26 hearing is set. To read the statute as S.W. suggests would ignore the legislative choice, reiterated in the six-month review statute, that services "shall not exceed" six months when the minor is under the age of three and cannot safely be returned to parental custody. (§ 361.5, subd. (a)(2).) S.W.'s interpretation would also frustrate the basic purpose of section 361.5, subdivision (a)(2) by *requiring* the court to offer 12, and perhaps even 18, months of services to a parent who has made little or no progress toward reunification and whose prognosis for reunification is poor. (Assem. Com. on Human Services, Analysis of Assem. Bill No. 1524 (1995–1996 Reg. Sess.) Jan. 17, 1996.) Mandating that previously ordered services continue to be offered to a parent, who is uninterested in reunifying, until the court sets a section 366.26 hearing is not a result the Legislature could have intended.

Construed together, sections 361.5, subdivision (a)(2) and 366.21, subdivision (e) provide the court with the option to terminate reunification services after six months when a parent of a minor under the age of three has "made little or no progress in [his or her] service plan[] and the prognosis for overcoming the problems leading to the child's dependency is bleak." (*Daria D. v. Superior Court, supra*, 61 Cal.App.4th at p. 612.) We recognize the primary purpose of limiting the period of reunification is to afford the child stability and permanence where reunification is unlikely within the statutory time limits. (*Id.* at p. 611.) However, even when a section 366.26 hearing is not set, the termination of services previously not utilized or wanted is a step toward eliminating uncertainty in the lives of very young children and ultimately achieving the stability and permanence the Legislature sought to provide for them. Moreover, although financial considerations cannot trump a parent's fundamental rights, the Legislature has recognized that in some circumstances, it may be fruitless to provide additional reunification services. "In such a case, the general rule favoring reunification

services is replaced by a legislative assumption that offering services would be an unwise use of governmental resources." (*In re Alanna A., supra,* 135 Cal.App.4th at p. 566.)

 We conclude section 366.21, subdivision (e) provides no express limitation on the court's authority to terminate reunification services to a parent at a six-month review hearing where the minor is under the age of three and the parent has received or been offered six months of services, regardless of whether the court sets a section 366.26 hearing or offers further services for the other parent. Under these circumstances, the juvenile court retains the discretion to terminate the offer of services to one parent.

V

This court's holding in *In re Alanna A., supra,* 135 Cal.App.4th 555, does not compel a different result. In that case, the father appealed the termination of his reunification services at the 12-month review hearing, arguing the court could not terminate his services while continuing the mother's services to the 18-month date. He further argued, as does S.W. here, the court can only terminate a parent's services if it sets a section 366.26 hearing, and terminating his services served no useful purpose. We held the applicable provisions for 12-month hearings did not bar termination of reunification services for the father even though services were extended for the mother. We further held the juvenile court reasonably found the father's performance did not merit continued reunification services. (*In re Alanna A., supra,* 135 Cal.App.4th at p. 565.)

In reaching our conclusion, we recognized the distinction between the statutory language governing six-month review hearings (§ 366.21, subd. (e)) and 12-month review hearings (§ 366.21, subds. (f), (g)), noting "the court's discretion to terminate services remains limited" at the six-month hearing where a child remains in foster care and the goal remains reunification. (*In re Alanna A., supra,* 135 Cal.App.4th at p. 564.) This observation is not inconsistent with our holding in this case, which applies when a parent has been offered or provided with the maximum amount of time to reunify with a minor under the age of three and the goal is no longer reunification with that parent.

Further, we believe dicta in *In re Alanna A.* highlights the importance of allowing, but not requiring, the court to offer continued reunification services to a nonreunifying parent at a six-month review hearing: "As a practical matter, . . . where a nonreunifying parent is likely to have some continued contact with his or her child, further services to that parent may be in the child's best interests." (*In re Alanna A., supra,* 135 Cal.App.4th at p. 565,

fn. omitted.) Thus, our decision does not foreclose the possibility of allowing further services, in the court's sound discretion, when a section 366.26 hearing is not set. In exercising that discretion, the court will have the ability to evaluate whether the parent will utilize additional services and whether those services would ultimately inure to the benefit of the minor.

## VI

Here, the minors were under the age of three when they were removed from parental custody. S.W. was offered reunification services for six months but she did not avail herself of any services, maintain contact with Agency or visit the minors. At the time of the six-month review hearing, S.W.'s whereabouts were unknown and she had violated the conditions of her criminal probation. Because the goal was no longer reunification for S.W., she was not entitled to additional services.

Although S.W.'s statutory time limit for reunification services had expired, Christopher's had not, precluding the court from setting a section 366.26 hearing because termination of both parents' rights must occur in a single proceeding. (*In re Joshua M.* (1997) 56 Cal.App.4th 801, 808 [65 Cal.Rptr.2d 748]; rules 5.695(j), 5.705, 5.710(i), 5.715(e), 5.720(d).) Nevertheless, the court's focus was properly on the futility of providing services beyond the six-month date to a parent who has had no interest in reunifying, regardless of how the other parent is situated. The court properly terminated S.W.'s services at the six-month review hearing.

## DISPOSITION

The order is affirmed.

Huffman, J., concurred.

**McDONALD, J.,** Dissenting.—I disagree with the majority's conclusion that Welfare and Institutions Code section 366.21, subdivision (e)[1] allows the court to terminate reunification services to a parent when the court has exercised its discretion to continue the case to the 12-month review hearing. I would reverse the trial court's decision to deny services to S.W.

Paragraphs 1, 3, 4, 5 and 6 of section 366.21, subdivision (e) concern the circumstances under which the court may exercise its discretion to return the child to the parent's custody, set a section 366.26 hearing, or terminate

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

jurisdiction. The court has discretion to set a section 366.26 hearing at the six-month hearing when a parent's whereabouts are still unknown, the parent has not contacted or visited the child, or the parent has been convicted of a felony evidencing parental unfitness. In addition, the court *may* set a section 366.26 hearing when the parent of a child under the age of three years has not complied with services and made substantive progress toward reunification, unless there is a substantial probability the child may be returned to parental custody within six months, in which case the court must continue the case to the 12-month hearing. (§ 366.21, subd. (e); Cal. Rules of Court, rule 5.710(f)(1)(E).)[2]

These paragraphs of section 366.21, subdivision (e) address when the court has discretion to set a section 366.26 hearing, and do not address reunification services. The majority equates the court's discretion to set a section 366.26 hearing with its discretion to terminate reunification services. However, paragraphs 2 and 7 of section 366.21, subdivision (e) address reunification services. (§ 366.21, subd. (e).)

Paragraph 2 of section 366.21, subdivision (e) directs the court to make specific findings under section 366, subdivision (a), and "where relevant, shall order any additional services reasonably believed to facilitate the return of the child to [parental] custody . . . ."[3] Paragraph 7 states: "*In all other cases,* the court shall direct that any reunification services previously ordered shall continue to be offered to the parent or legal guardian pursuant to the time periods set forth in subdivision (a) of Section 361.5, provided that the court may modify the terms and conditions of those services." (§ 366.21, subd. (e), 7th par., italics added.)

I interpret the phrase "in all other cases" to refer to cases in which the court has not returned the child to parental custody, set a section 366.26 hearing or terminated jurisdiction. I conclude that when the court has exercised its discretion to not set a section 366.26 hearing (or return the child to parental custody or terminate jurisdiction), it must continue to offer previously ordered reunification services to a parent of a child under three years of age, even if the parent has not complied with previously offered services. This interpretation comports with rule 5.710(f)(11),[4] which states: "*If the child is not returned and the court does not set a section 366.26 hearing, then the court must order that any reunification services previously ordered will continue to be offered to the parent* or guardian, and the court

---

[2] All rule references are to the California Rules of Court.

[3] This section does not apply when the court has ordered that reunification services not be provided to a parent under section 361.5. (§ 366.21, subd. (e), 2d par.)

[4] Although the Judicial Council's interpretation of a statute is not binding on the courts, the rules have " 'the force of statute to the extent that they are not inconsistent with legislative

may modify those services as appropriate. The court must set a date for the next review hearing no later than 12 months from the date the child entered foster care." (Italics added.)

The majority reads rule 5.710(f)(11) as consistent with its conclusion that sections 366.21, subdivision (e) and 361.5, subdivision (a)(2) give the juvenile court discretion to terminate services even though no section 366.26 hearing is set. (Maj. opn., *ante,* at pp. 63–64.) In reaching this conclusion, the majority imports language from the last paragraph of section 366.21, subdivision (e). This paragraph applies when the child is not returned to parental custody, and the court has either continued the case to a 12-month hearing or set a section 366.26 hearing, and the court must then determine whether *reasonable services* have been provided or offered to the parent. In making a finding of reasonable services, the court must order that those services be "initiated, continued, or terminated." (§ 366.21, subd. (e), 8th par.)

I do not believe the language of section 366.21, subdivision (e), paragraph 8 modifies the language of paragraph 7, which directs the court to continue to offer previously ordered reunification services to a parent when it has not set a section 366.26 hearing. Paragraph 8 concerns "reasonable services," not "reunification services." These concepts are related but distinct components of the dependency framework.

Absent a specific statutory exception, the court is required to offer or provide reunification services to a parent. (§§ 361.5, 366.21, 16501.1, subd. (b)(3); see 42 U.S.C. § 629a(a)(7).) The court is also required to assess at every phase of the dependency proceeding whether the services provided were reasonable. (§§ 319, subd. (d)(1), 366, subd. (a)(1)(B), 366.21, subd. (e), (f), (g), 366.22, subd. (a), 366.26, subd. (c)(2).)

---

enactments and constitutional provisions.' " (*Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1011 [32 Cal.Rptr.3d 89, 116 P.3d 550] (*Sara M.*), quoting *In re Richard S.* (1991) 54 Cal.3d 857, 863 [2 Cal.Rptr.2d 2, 819 P.2d 843]; see also § 265; rule 5.501(b).)

In *Sara M.*, the Supreme Court commented that the predecessor rule to rule 5.710(f)(11) was adopted after a thorough review by a distinguished panel and concluded the rule's interpretation of section 366.21, subdivision (e) is entitled to great weight. (*Sara M.*, at p. 1014.) The California Rules of Court were reorganized and renumbered effective January 1, 2007. Rule 5.710 was formerly rule 1460.

The Judicial Council added paragraph (11) to subdivision (f) of rule 5.710 (then rule 1460) effective January 1, 2005. (Rule 5.710(f)(11), renumbered Jan. 1, 2007.) I presume the review by the Judicial Council when it modified the rule was no less thorough and insightful than when the rule was adopted. (Cf. *Sara M., supra,* 36 Cal.4th at p. 1015.) If the Legislature disagrees with the Judicial Council's interpretation of section 366.21, subdivision (e), then, "it is up to the Legislature to change it if it is to be changed." (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 178 [83 Cal.Rptr.2d 548, 973 P.2d 527].)

Paragraph 7 of section 366.21, subdivision (e) provides the court may modify the terms and conditions of previously ordered reunification services. In contrast, the last paragraph of section 366.21, subdivision (e) concerns the court's determination whether *reasonable services* were provided or offered to the parent, and allows the court to initiate a new service, and to continue or terminate a previous service provided or offered to the parent. Considered together in the context of the dependency framework, I conclude that section 366.21, subdivision (e) mandates the continuation of *an offer* of reunification services to a parent when the court does not set a section 366.26 hearing, and also directs the court to ensure the services are reasonable under the circumstances.

In addition, the legislative history of section 366.21 suggests the Legislature added the word "terminated" to the last sentence of subdivision (e), paragraph 8 at the same time it amended the statutory framework to give the court the discretion to limit services to six months for a child under the age of three and his or her siblings. (Stats. 1996, ch. 1084, § 7.9, p. 7646; see §§ 361.5, subd. (a), 366.21, subd. (e).) Before subdivision (e), paragraph 8 was amended, the sentence read, "The court shall order that those services be initiated or continued." (Stats. 1996, ch. 1084, § 6.7, p. 7625.) The addition of the word "terminated" was necessary to avoid a conflict with section 366.21, subdivision (h), which directs the court to terminate reunification services when it sets a section 366.26 hearing.

I also disagree with the majority's central premise that a parent of a child under the age of three years must show he or she is entitled to receive services before the court may extend an offer of services to the 12-month review hearing. Section 366.21, subdivision (e) does not condition the continuation of services on a parent's performance during the first six months of the reunification period, but mandates the continuation of the case to the 12-month review hearing if the court determines there is a substantial probability of return of the child to parental custody. (§ 366.21, subd. (e) [If a parent failed to participate regularly and make substantive progress, the court *may* set a § 366.26 hearing.]; *Katie V. v. Superior Court* (2005) 130 Cal.App.4th 586, 595, fn. 4 [30 Cal.Rptr.3d 320] ["For children under three years, the court may terminate reunification services after six months."].)

A brief review of the legislative history of the dependency framework underscores this point. "In 1982, the Legislature passed Senate Bill No. 14 to bring California into compliance with Public Law No. 96-272. (Stats. 1982, ch. 978, p. 3525.) It established a more structured framework for the protection of abused, neglected and abandoned children as dependents of the juvenile court and for services to their families. Among other things, the legislation established a clear and convincing standard for removal of

children from their parents (§ 361), reviews every six months (§§ 364, 366), reunification services (former § 361, subd. (e); now § 361.5), and permanency planning hearings for children who could not be returned to a parent *within 12 to 18 months* (§ 366.25)." (*Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 246 [19 Cal.Rptr.2d 698, 851 P.2d 1307], italics added.)

In 1996, the Legislature amended existing time guidelines to expedite permanency planning for infants and toddlers by giving the juvenile court the option to terminate family reunification efforts at the six-month review hearing when the parent or parents have made little or no progress and the prognosis for reunification is very poor. (Assem. Com. on Human Services, Analysis of Assem. Bill No. 1524 (1995–1996 Reg. Sess.) Jan. 17, 1996.) When the court has exercised its discretion not to expedite permanency planning for a child under the age of three years and his or her siblings, if any, the legislative history suggests an intent to offer previously ordered reunification services to a parent until the 12-month review date, despite that parent's performance during the first six months of the case. (Compare § 366.21, subd. (e) with § 366.21, subd. (g)(1), (2); see *In re Alanna A.* (2005) 135 Cal.App.4th 555, 564 [37 Cal.Rptr.3d 579].) In other words, unless services are terminated under section 361.5 or section 366.21, subdivision (e), a parent is generally entitled to the opportunity to receive reunification services until the 12-month review hearing. (§ 361.5, subd. (a); rule 5.695(f)(1).)

I do not share the majority's view that requiring the court to continue to offer reunification services to a parent when it has not set a section 366.26 hearing is an absurd consequence that defeats the legislative purpose of sections 366.21, subdivision (e) and 361.5, subdivision (a)(2). (Maj. opn., *ante,* at p. 64.) Termination of reunification services to one but not to the other parent does not serve to expedite the selection and implementation of a permanency plan for a young child. The court cannot set a section 366.26 hearing for only one parent, unless that parent is the sole surviving parent or the parental rights of the other parent have been relinquished or terminated in another proceeding. (Rules 5.715(e), 5.720(d), 5.725(a)(2).) A goal of dependency proceedings is to ensure the safety, protection, and physical and emotional well-being of children at risk of harm. (§ 300.2.) In many cases, a child's return to a parent may also result in the other parent's continued contact with the child. (§ 362.4 [court may issue an order determining the custody of, or visitation with, the child].) Visitation must continue with a parent unless the court finds that visitation would be detrimental to the child. (§ 366.21, subd. (h).) When a parent belatedly decides or becomes able to

cooperate, an existing offer of services to the parent may benefit the child, reduce litigation and expedite permanency.

The majority acknowledges the financial interests of the state do not trump a parent's fundamental rights. (Maj. opn., *ante,* at p. 64.) I agree with the majority's proposition that the Legislature has recognized it may be "fruitless" to provide additional reunification services in some circumstances. (*In re Alanna A., supra,* 135 Cal.App.4th at p. 566.) However, the Legislature has carefully defined those circumstances in sections 361.5, subdivision (b) and 366.21, subdivisions (e), (f) and (g). If the Legislature wants to enact a general "fruitless" exception to the provision of reunification services at the six-month review hearing, it is the Legislature's, not the court's, prerogative to create it.

As a practical matter, section 366.21, subdivision (e) allows the court to modify the terms and conditions of previously ordered reunification services to avoid placing an undue burden on state agencies. Further, if the continued provision of services to a parent presents an unacceptable risk to the safety of the child or otherwise would somehow impede the purposes of the dependency system, then the party seeking to terminate services may utilize existing statutory mechanisms to deny services to that parent. (See §§ 361.5, subd. (b), 388; *Sheila S. v. Superior Court* (2000) 84 Cal.App.4th 872, 879 [101 Cal.Rptr.2d 187] ["[A] section 388 petition is an appropriate vehicle for modifying a dispositional order and ordering a bypass of reunification services."].) The court may also set a hearing to terminate reunification services under section 366.21, subdivision (f). (*In re Derrick S.* (2007) 156 Cal.App.4th 436, 450 [67 Cal.Rptr.3d 367] ["[T]here are some situations where a juvenile court may in the exercise of its discretion terminate reunification services earlier than the applicable default period here of 12 months."].)

The majority, understandably, does not want to limit the court's discretion to terminate a parent's reunification services at the six-month review hearing when the parent's performance has been poor or nonexistent and the case cannot proceed to a section 366.26 hearing. (Maj. opn., *ante,* at p. 65.) However, in upholding the validity of the California dependency scheme, the Supreme Court noted in *Cynthia D. v. Superior Court, supra,* 5 Cal.4th at page 256 that "the precise and demanding substantive and procedural requirements the petitioning agency must have satisfied before it can propose termination are *carefully calculated to constrain judicial discretion,* diminish the risk of erroneous findings of parental inadequacy and detriment to the child, and otherwise protect the legitimate interests of the parents." (Italics added.) If section 366.21, subdivision (e) and rule 5.710(f)(11) require modification, I

submit the Legislature should balance the interests of the child, the parents and the state, rather than a reviewing court evaluating the statute within the limited context of one set of facts and circumstances.

A petition for a rehearing was denied December 12, 2007, and appellant's petition for review by the Supreme Court was denied February 13, 2008, S159519.